IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ERNEST VARA, GLORIA VARA, §
§
   *Plaintiffs,* §    SA-19-CV-00401-DAE
§
vs. §
§
UNITED STATES OF AMERICA, §
§
   *Defendant.* §

## **ORDER**

  Before the Court in the above-styled cause of action are the following motions, all of which were referred to the undersigned for disposition: Plaintiff's Motion to Quash and Motion for Protective Order [#14], Defendant's Motion to Strike and Exclude Plaintiffs' Designations of Non-Retained Experts [#17], and Defendant's Motion to Compel Medical and Billing Records [#18]. The Court held a hearing on the motions on this day, at which counsel for both parties were present. Prior to the hearing, the parties resolved many of the issues raised by the motions, as their joint advisory [#29] reflects. At the close of the hearing, the Court issued certain oral rulings on the remaining issues in dispute, which are now memorialized in this written order. For the reasons stated at the hearing,

  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash and Motion for Protective Order [#14] is **DENIED IN PART and DISMISSED AS MOOT IN PART,** specifically:

(1) With respect to Plaintiffs' objection to the subpoena that the subpoena should be limited to medical records related to the injuries at issue in this case (Requests for Production 1 through 4), the motion is **DENIED**. The parties have agreed to a relevant time period and Defendant is entitled to obtain all medical records regarding

1

all of Plaintiffs' medical conditions from their providers for this time period. By separate order, the Court will enter the standard Western District of Texas Protective Order. Nothing in this Order prevents Plaintiff from designating all or portions of Plaintiffs' medical records attorneys' eyes only or confidential pursuant to that Protective Order.

(2) With respect to Plaintiffs' objections to the subpoena of agreements between the medical providers and the Law Offices of Thomas J. Henry, documents related to the same, and information related to various insurance providers (Requests for Production 9 through 12), the motion is **DISMISSED AS MOOT**. The parties agreed on the record that Defendant instead will serve a deposition on written questions on Plaintiffs' medical providers regarding any agreements with the Law Offices of Thomas J. Henry, referrals from the Law Offices of Thomas J. Henry, and the insurance accepted.

(3) All other issues raised in the motion were resolved by the parties by agreement.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike and Exclude Plaintiffs' Designations of Non-Retained Experts [#17] is **GRANTED IN PART** as follows: Plaintiffs are ordered to supplement their expert designation to comply with Federal Rule of Civil Procedure 26(a)(2)(C) **on or before March 11, 2020**. A separate amended scheduling order will issue extending Defendant's expert designation deadline, as well as all other remaining scheduling order deadlines, by 60 days. In all other respects, the Motion is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Compel Medical and Billing Records [#18] is **GRANTED IN PART** as follows: Defendant is entitled to discovery all of Plaintiffs' medical and billing records without redactions. Plaintiffs are ordered to produce

unredacted copies of these records **on or before March 11, 2020**. In all other respects, the Motion is **DENIED**.

SIGNED this 26th day of February, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE
SIGNED this 26th day of February, 2020.